UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DEBBIE METCALF, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 10-358-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Debbie Metcalf ("Metcalf" or "the Claimant") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10, 11] Metcalfe argues that the Commissioner erred in finding that she is not disabled. In relevant part, Metcalf asserts that the Administrative Law Judge ("ALJ") assigned to conduct the administrative hearing did not give adequate reasons for rejecting the opinion of Dr. David Hays, her treating physician. Further, Metcalf argues that the ALJ did not properly consider combined effects of her impairments or the "durational requirements" of the ability to perform substantial gainful activity. The Claimant seeks to have this matter remanded for an award of benefits or further factual findings on the issues raised in her summary judgment motion. However, through his motion for summary judgment, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

-1-

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Metcalf.[1]

**I.**

Metcalf filed applications for disability and disability insurance benefits under Title II of the Social Security Act in December 2008. She alleged a disability beginning April 19, 2007. [Tr., p. 11] Metcalf's claims were denied initially and upon reconsideration. Thereafter, an administrative hearing was held before ALJ Wendell M. Sims on January 22, 2010. Metcalf appeared at the hearing along with her attorney, Roger Riggs, and vocational expert ("VE") Beverly Carlton. [Tr., p.24] In a decision dated April 28, 2010, ALJ Sims found that Metcalf retained the residual functional capacity ("RFC") to perform a range of light work, with certain identified restrictions. Based on the testimony of the VE, the ALJ concluded that there were jobs that exists in significant numbers in the national economy that Metcalf was capable of performing. As a result of his findings and conclusions, the ALJ determined that Metcalf was not entitled to disability insurance benefits. [Tr., pp. 11-19]

---

1    Metcalf's memorandum supporting her motion for summary judgment is devoid of any meaningful citation to the record. As a result, the Commissioner argues that her motion should be denied as being in violation of the Court's Standing Scheduling Order 09-13 which cites *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006), as requiring parties to provide specific page citations to the administrative record to support their arguments. Failure to comply constitutes grounds for the denial of the motion. In the present case, the Commissioner points out that Metcalf's brief contains only one citation to the administrative record in support of her argument that, "[i]t is clear from the medical evidence within the records that Plaintiff is severely impaired from her physical difficulties." [Tr., p. 291] However, she also refers to evidence not contained in the pages cited.

Having reviewed Metcalf's memorandum, the Court agrees that the Claimant has completely failed to provide any meaningful citation to the administrative record in support of her claims. As a result, her motion for summary judgment will be denied for this additional ground. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Notwithstanding the failure of Metcalf's attorney to provide meaningful citations to the record, the Court will address several of the standard arguments that are raised by her counsel in most of the social security appeals he files in this district.

Metcalf appealed ALJ Sims's decision to the Social Security Administration's Appeals Council. The Appeals Council issued its decision on November 1, 2010, concluding that Metcalf was not entitled to or eligible for a period of disability or disability insurance benefits under sections 216(i) and 223 of the Social Security Act. [Tr., pp. 1-5] Metcalf then filed this action challenging the final decision of the Social Security Administration.

## II.

Metcalf was forty-seven years old at the time of the hearing before the ALJ. She has a general equivalency diploma ("GED") and work experience in factories as a plastics molder, production assembler, and battery assembler. She has also performed work in a greenhouse. Metcalf's alleged disability stems from low back degenerative disc disease and arthritis in her right ankle, left shoulder, and hips. [Tr., pp. 136, 187-88]

After reviewing the record and the testimony presented during the administrative hearing, the ALJ concluded that Metcalf suffered from several impairments, including: degenerative disc disease, left shoulder problems, and Raynaud's disease. [Tr., p. 13] Notwithstanding these impairments, the ALJ found that Metcalf retained the residual functional capacity ("RFC") "to perform a range of light work as defined in 20 CFR 404.1567(c), subject to several limitations. More specifically, the ALJ found that the Claimant:

> can frequently but not constantly push/pull with the right lower extremity, needs a sit/stand option, can frequently but not constantly finger with the left hand, occasionally climb stairs but no ladders, occasionally stoop, crouch, or crawl, and no exposure to vibrations or hazards.

[Tr., pp. 14]

In reaching this decision, the ALJ specifically addressed the nature and effect of the Claimant's impairments on her ability to perform work at the light exertional level. Further, he specifically addressed all of Metcalf's symptoms and complaints in light of the objective medical evidence and testimony presented for his consideration. Further, ALJ Sims specifically considered the Physical Capacities Evaluation form provided by Dr. Hays. The ALJ gave weight to the opinions outlined on the form and to the opinions of the state agency physicians "to the extent the opinions are consistent with each other and the whole of the evidence, in concluding the claimant is capable of performing work within her determined residual functional capacity." [Tr., p. 17]

Additionally, before summarizing the relevant evidence regarding Metcalf symptoms, the ALJ properly identified the two-step process to be followed in his evaluation (*i.e.,* (i) whether there is an underlying medically determinable physical or mental impairment that can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which can be reasonably expected to produce the Claimant's pain or other symptoms; and (ii) the extent to which the intensity, persistence, and limiting effects of the Claimant's symptoms limit the Claimant's ability to do basis work activities). [Tr., p. 14] Under this framework, ALJ Sims addressed Metcalf's assertions that pain in her back and right leg, arthritis in her right shoulder, numbness in her extremities, and Buerger's disease in her left hand prevents her from performing work-related activities, but noted that these complaints did not result in significant limitations, either individually, or in combination. More specifically, the ALJ explained that while Metcalf's complaints of right leg pain and numbness were reported to Dr. Hays in May 2007, her condition

improved in June of that year when she was examined by Dr. Tibbs. At that time, straight leg raising was negative and Metcalf was found to be "neurologically intact." [Tr., pp. 211-212] And while the Claimant was found to have degenerative disc disease as reflected by an MRI conducted on May 11, 2007, surgery was not recommended. Instead, the Claimant was advised to stop smoking and was given a book for back exercises.

Metcalf did not seek further treatment for her back condition until November 26, 2008. Later (July 2009), the Claimant received a series of epidural steroid injections from Dr. Magdy El-Kalliny. Although she still experienced some numbness following this treatment, medical records indicate that marked improvement after the first injection. When Metcalf was again seen by Dr. Hays in October 2009, she was not complaining of back pain. Further, a musculoskeletal examination indicated a full range of motion and negative rigidity. [Tr., pp. 523-526]

The ALJ also addressed the left arm pain that Metcalf experienced during a December 2009 visit to the Manchester Memorial Hospital emergency room. At that time, the Claimant was diagnosed as suffering from Buerger's disease – a recurring, progressive inflamation and thrombosis of small and medium arteries of the hands and feet related to use of tobacco products. Following subsequent evaluation, Dr. Koury diagnosed the condition as being Raynaud's disease of the left hand. However, a CT scan indicated no evidence of arterial disease. [Tr., pp. 527-531] In summary, the ALJ fully considered all of Metcalf's claims relating to her impairments and explained his reasons for giving limited weight to Metcalf's statements regarding the intensity and limiting effects of her impairments. These reasons are supported by evidence in the record.

**III.**

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past work to determine whether she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d

1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**IV.**

While Metcalf raises five issues in support of her motion for summary judgment, the first, second and fifth issues are essentially the same: that is, whether the ALJ gave proper weight to the opinion of Dr. Hays and whether he adequately explained the reasons for weight given to that opinion. In addition to this issue, Metcalf generally asserts that the ALJ erred in failing to consider the combined effects of all of her impairments (Issue No. 3). Finally, she contends that the ALJ's decision should be reversed because he failed to consider the durational requirements of substantial gainful activity and not merely the ability to find a job and physically perform it (Issue No. 4).

    **A.**     **Opinion of Dr. David Hays, M.D.**

A treating source's opinion as to the nature and severity of a claimant's impairments will be given controlling weight, provided it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Rogers*, 486 F.3d at 242 (internal quotation omitted) (alteration in original). If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must give "good reasons" for his decision. *Id.* These reasons must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

As the Commissioner properly notes in his motion and supporting memorandum, Dr. Hays' opinion is generally consistent with the state agency consultant's opinion and the ALJ's finding that Metcalf could perform a range of light work. And although Dr. Hays' assessment differed from the RFC finding in that he indicated that the Claimant could only sustain a combination of sitting, standing, and walking for seven hours in an eight-hour work day,[2] only occasionally reach above shoulder level, never use her right foot for repetitive activities, and had only mild restriction on exposure to temperature extremes, humidity, and pulmonary irritants [Tr., p. 291], he did not connect physical findings, clinical testing, or Metcalf's complaints to these limitations. Further, his infrequent examinations do not support the limitations outlined in his Physical Capacities Evaluation. In fact, subsequent examination of the Claimant indicated that she had a full range of motion with no rigidity or significant neurological deficits. [Tr., pp. 526, 536-585] In addition to considering all medical records, the ALJ also evaluated the variety of daily activities that Metcalf was capable of performing. Under the facts presented, the ALJ had a sufficient basis reasons to give limited weight to the conclusions of Dr. Hays.[3]

### B. Combined Effect of Impairments

Metcalf also argues that the ALJ did not consider the cumulative effect of her impairments. [Record No. 10] The ALJ is required to consider the combined effect of all the claimant's impairments in determining whether the claimant is disabled. 20 C.F.R. § 404.1523.

---

2  The VE testified that the seven-hour limitation imposed by Dr. Hays would eliminate all employment. [Tr., p. 55] Dr. Hays did not explain the reason for this limitation and it cannot be ascertained from a review of all of the medical records.

3  There is no evidence that Metcalf sought treatment for mental health complaints after receiving a prescription for Paxil from Dr. Hays. Further, state agency psychologists who reviewed the Claimant's records indicated that she was not suffering from any mental impairment.

The Sixth Circuit has held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).

Here, ALJ Sims made a specific finding that Metcalf "does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments" in the applicable regulations. [Tr., p. 14; Finding No. 4 (emphasis added)] He also made multiple references in his decision to Metcalf's "impairments" (plural) and discussed each impairment in detail. [Tr., p. 13-17] Further, as noted by the Commissioner, the Claimant's counsel fails to explain how the combined effects of Metcalf's impairments resulted in any limitation in excess of her RFC. Accordingly, the Court rejects this argument.

### C.  Ability to Hold a Job for a Significant Period of Time

Finally, Metcalf cites, *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), for the proposition that "substantial gainful activity means more than merely the ability to find a job and physically perform same. It also requires the ability to hold the job for a significant period of time." [Record No. 10-1, p. 4-5] She complains that the ALJ erred in failing to consider this case. However, this Court has considered *Gatliff* on a number of occasions and repeatedly rejected any suggestion of a separate durational requirement. *See Wilson v. Astrue*, No. 10-89-DCR, 2010 U.S. Dist. LEXIS 109750 (E.D. Ky., Oct. 13, 2010); *Durham v. Astrue*, No. 09-202-DCR, 2010 U.S. Dist. LEXIS 15382, at *16-*17 (E.D. Ky., Feb. 22, 2010); *Johnson v. Astrue*,

No. 08-298-JBC, 2009 U.S. Dist. LEXIS 71516, at *7-*8 (E.D. Ky. Aug. 10, 2009); *Wilder v. Astrue*, No. 08-108-KSF, 2009 U.S. Dist. LEXIS 20170, at *18 (E.D. Ky. Mar. 12, 2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 U.S. Dist. LEXIS 45270, at *16 (E.D. Ky. June 10, 2008).[4] Instead, the Court assumes that "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Garland*, 2008 U.S. Dist. LEXIS 45270, at *16. Thus, the RFC set out in ALJ Sims's decision reflected his determination of the type of work Metcalf could perform for a significant period of time. *See id.*

## V.

Although Metcalf has established that she suffers from some medical impairments, she has not established that her symptoms are severe enough to warrant an award of disability insurance benefits. The ALJ did not err in giving limited weight to the opinion of Dr. Hays. Moreover, the ALJ gave sufficient consideration to the combined effect of Metcalf's impairments. The Court also concludes that the ALJ fully considered Metcalf's testimony but found her to be not fully credible for reasons that were properly explained in his decision. Viewing the record as a whole, substantial evidence supports the Commissioner's determination that Metcalf is not disabled. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Debbie Metcalf's Motion for Summary Judgment [Record No. 10] is **DENIED**;

---

4   The Court is troubled that the Claimant's attorney, Roger Riggs, has raised this legal issue on several prior occasions but fails to cite or even acknowledge the growing body of adverse case authority rejecting this argument.

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No.11] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 23rd day of May, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge